IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

VERLIN LYNN SHERRILL                                                                          PLAINTIFF
ADC # 155346

v.                                          5:15CV00280-JM-JJV

ROY AGEE, Supervisor,
309 Program                                                                                   DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody, Jr.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the new hearing in the form

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

Verlin Lynn Sherrill ("Plaintiff") brings this action against Defendant Roy Agee pursuant to 42 U.S.C. section 1983. (Doc. No. 2.) He alleges that his due process rights were violated when Defendant Agee removed him from the Act 309[1] work program in April 2015. (*Id*. at 4.) This allegation fails to state an actionable claim. The United States Court of Appeals for the Eighth Circuit has previously held that an inmate has no protected liberty interest in participating in a work release program arising under Arkansas statute. *See Mahfouz v. Lockhart*, 826 F.2d 791, 793 (8th Cir. 1987) (holding that Arkansas work release statutes do not create a protected liberty interest). In reaching that conclusion, the Court in *Mahfouz* held that prison administrators have broad discretion in determining which inmates to include and exclude from such programs. *Id*.

Based on the foregoing, I find Plaintiff has failed to state any viable claim against Defendant Agee and this action should be dismissed.

IT IS, THEREFORE, RECOMMENDED that:

1. Plaintiff's Complaint (Doc. No. 2) be DISMISSED without prejudice for failure to

---

[1] The Act 309 program of 1983 provides for the signing of cooperative agreements between the Director of the Arkansas Department of Correction and city or county officials. Under the program, state inmates are given over to the custody of local officials and may be put to supervised work on and around government property or projects.

state a claim upon which relief may be granted.

2.	Dismissal of this action count as a "strike" for purposes of 28 U.S.C. § 1915(g).[2]

3.	The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations would not be taken in good faith.

Dated this 10th day of September, 2015.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[2] Title 28 U.S.C. § 1915(g) provides that: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . ."